STATE OF MAINE
OXFORD, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. RE-98-33

GORDON K. CLIFFORD and
RONALD W. CLIFFORD,
Plaintiff,

v.

NORMAN H. McCAFFERTY and
JOAN E. McCAFFERTY,
Defendants.

ORDER

This timber trespass case was heard on May 8, 2000. Plaintiffs were represented by Theodore Dilworth III, Esq., and Defendant[1] was represented by David Whittier, Esq. Testimony was presented from Peter Tracy, Mr. McCafferty, Ryan McDonald, Steven McDonald Jr., and Steven McDonald Sr. The testimony of these witnesses was considered in light of the other evidence presented, including photographs and a map of the area in question, Mr. Tracy's "Timber Trespass Report," a bundle of stump sprouts, and a videotape of Mr. Tracy's investigation.

FINDINGS OF FACT

Plaintiffs[2] are the owners of a 105-acre woodlot in Buckfield, Maine. This land has been in the Clifford family for nearly one hundred years, and is currently under extensive forest management. Sometime before the spring of 1997, some person trespassed upon this land and removed more than one thousand trees. According

---

[1]Final judgment was entered in favor of Joan McCafferty by order dated August 4, 1999.

[2]Gordon Clifford died during the pendency of these proceedings. His estate was appropriately substituted as a party.

to Mr. Tracy, a Maine Licensed Professional Forester hired by plaintiffs, the value of the wood taken was $89,825.

Plaintiffs are currently more interested in the recreational and aesthetic value of their land than in its commercial use. Wood has been harvested selectively, with income-production as a secondary concern. In determining the loss suffered by the plaintiffs, both the number of board feet and the actual trees must be considered. The cutting that was done resulted in two areas of the ugliness that follows virtual clear cuts. These areas have diminished the overall beauty and value of this parcel. Mr. Tracy testified that there are two methods of "repair": replanting; or natural regeneration with pre-commercial thinning. It was Mr. Tracy's opinion that the cost of either method would be approximately $250 or $300 per acre, for a total price of $2500 or $3000.

Mr. McCafferty purchased a 100-acre parcel of land abutting the Clifford woodlot in the autumn of 1993.[3] At the time of purchase, much of Mr. McCafferty's land had already been heavily harvested, and portions had already been converted into pasture or fields. Plaintiff's exhibit 2. Sometime after the date of purchase, Mr. McCafferty began clear-cutting other portions of his land

In the early and mid-1990s, defendant Norman McCafferty did farming, excavation, and chipping. The clearing discussed above served two purposes: it provided raw product for Mr. McCafferty's chipping operation, and it allowed him

---

[3] Neither the date that Mr. McCafferty took possession of the land nor the actual boundary between the parcels was established at trial. However, the court was able to reach its decision without this information.

2

to convert his land into arable fields. Mr. McCafferty did some of the cutting himself, and some was done by the McDonalds. Although none of the McDonalds could be absolutely certain, they believed that the work they did at this site was completed during the winter and spring of 1995.

Plaintiffs have alleged that, while clearing his own land, Mr. McCafferty trespassed on their woodlot, and destroyed, damaged and carried away timber, trees and forest products within the meaning of 14 M.R.S.A. § 7552(2)(A). Mr. Tracy was a very credible witness, and his testimony was helpful to the court. However, his ability to present an opinion on the cause of the plaintiffs' loss was hampered by the lack of any real evidence. Neither the plaintiffs nor any witness saw Mr. McCafferty or anyone in his hire cut any of the plaintiff's trees. Plaintiffs' theories are based upon two facts: 1) Mr. McCafferty's land abuts the plaintiffs' land; and, 2) Mr. McCafferty was clearing his land at approximately the same time that someone trespassed upon plaintiffs' land. Having had an opportunity to hear from Mr. McCafferty and his witnesses, the court cannot find that simple propinquity is enough to support plaintiffs' case.

Based upon the evidence presented, judgment for Norman McCafferty is granted on Counts I, II, and III of plaintiffs' complaint.

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: May 11, 2000

_____
Ellen A. Gorman
Justice, Maine Superior Court

3